UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 1:98-CR-0113-LJM-TAB |
| | ) | |
| CRAIG LEE HOUCHENS, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable Larry J. McKinney on November 7, 2012, designating this Magistrate Judge to conduct a hearing on the Petition for Summons or Warrant for Offender Under Supervision filed with the Court on November 2, 2012 (the "Petition"), and to submit proposed Findings of Facts and Recommendation for disposition under Title 18 U.S.C. §§3401(i) and 3583(e). All proceedings were held on May 17, 2013 in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1] The Defendant appeared in person with his appointed counsel, Monica Foster. The government appeared by Zachary Myers, Assistant United States Attorney. U.S. Probation and Pretrial Services appeared by Ross Carothers, U.S. Probation Officer, who participated in the proceedings.

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* Title 18 U.S.C. §3401(e).

1.  Monica Foster, Office of the Indiana Federal Community Defender, was present and appointed by the Court to represent the Defendant in regard to the pending Petition.

2.  A copy of the Petition was provided to the Defendant and his counsel, who informed the Court that they had read and understood the violations listed in the Petition and waived further reading thereof.

3.  The Defendant was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4.  The Defendant was advised he would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5.  The Defendant was advised he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6.  That if the preliminary hearing resulted in a finding of probable cause that the Defendant had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with the District Court's designation.

7.  Ms. Foster stated that the Defendant would stipulate there is a basis in fact to hold him on the specifications of violations of supervised release set forth in the Petition. The Defendant executed a written waiver of the preliminary hearing, which was accepted by the Court.

8.  The government moved to dismiss the violations numbered 1-3 and 5-7 contained in the Petition, and the Court dismissed the same.

9. The Court then held an evidentiary hearing on violation number 4 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| *4* | *"The defendant shall not commit another federal, state, or local crime."* |
| | On October 24, 2012, the offender was charged in Montgomery County, Indiana, for Burglary (3 counts) and Theft (3 counts), Docket No. 54C01-1210-FB-004075. According to the police report, on October 22, 2012, police were contacted by a concerned citizen who observed to males parked at his neighbor's house. Police stopped the vehicle driven by the offender; his passenger was Troy Shields. A pillow case and a jewelry box was found in the vehicle. Additional stolen items were found along the roadside. It is alleged that the offender broke into three residences by kicking in the door and took various items (e.g. jewelry boxes, jewelry, coins, a Sony digital camera and a Sony E-Reader). In each of the burglaries, the offender allegedly stole the pillow cases from the owner's bed and placed the items in the pillow cases. Defendant Shields admitted to being involved in two of the burglaries and implicated the offender as the one who forced entry into the residences. |

During the evidentiary hearing, the government called Officer Carothers as a witness, and the Court admitted a certified copy of the Defendant's January 4, 2013 Judgement of Conviction and Sentencing Order as Exhibit 1. No other witnesses were called by either party. After considering the evidence, the Court found, by clear and convincing evidence, that the Defendant violated the terms of his supervised release detailed in Violation Number 4.

Additionally, the Court made the following findings:

    1) The Defendant has a relevant criminal history category of VI, U.S.S.G. §7B1.4(a).

    2) The most serious grade of violation committed by the Defendant constitutes a Grade A violation, pursuant to U.S.S.G. §7B1.1(b).

    3) Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to the Defendant is 51-63 months, however, the

>statutory maximum sentence available upon revocation is 60 months. *See* 18 U.S.C.§ 3583(e)(3).

The Court, having heard the evidence in this matter, **NOW FINDS** that the Defendant, CRAIG LEE GOUCHENS, violated the specified condition of supervised release as delineated above and in the Petition. The Defendant's supervised release is therefore **REVOKED**, and he is sentenced to the custody of the Attorney General or his designee for a period of 60 months, with no supervised release to follow, to be run consecutive to any other term of imprisonment.

>Counsel for the parties and the Defendant stipulated in open court waiver of the following:
>
>>1. Notice of the filing of the Magistrate Judge's Report and Recommendation;
>>
>>2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and the Defendant entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above recommendation revoking CRAIG LEE HOUCHENS's Supervised Release.

IT IS SO RECOMMENDED this 05/22/2013

_____
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution:

Nicholas Surmacz
Assistant U. S. Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

Monica Foster
Office of Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis,   IN 46204

U. S. Parole and Probation

U. S. Marshal